IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LE ANDRE JOHNSON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>TOM CAREY,<br><br>　　　　Respondent.<br>_____ | No. C 08-2883 MMC (PR)<br><br>**ORDER DIRECTING PETITIONER TO COMPLY WITH FILING-FEE REQUIREMENTS; DIRECTIONS TO CLERK** |

　　　　On June 9, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. That same date, the Court notified petitioner in writing that the action was deficient due to petitioner's failure to pay the requisite filing fee or, instead, to submit a completed court-approved in forma pauperis ("IFP") application. In said notice, petitioner was advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would result in dismissal of the action. Along with said notice, petitioner was sent a copy of the court-approved prisoner's IFP application, instructions for completing it, and a return envelope. More than thirty days have passed since the deficiency notice and petitioner has neither filed a completed IFP application nor paid the filing fee.

　　　　Although petitioner has not responded to the Court's deficiency notice, an attachment to the petition herein shows that petitioner is seeking to have the filing fee in this matter waived. Specifically, attached to the last page of the petition is a letter dated May 27, 2008, from petitioner to the Clerk of Court, in which letter petitioner states that he is refiling an earlier petition, Johnson v. Sisto, C 07-5187 MJJ (PR), that was dismissed on November 28, 2007, due to petitioner's failure to either pay the filing fee or

1 file a completed IFP application in that matter. Petitioner states he did in fact pay the
2 filing fee in C 07-5187, but the fee was not received by the Clerk until after the case was
3 dismissed; therefore, petitioner asks to have the filing fee he paid in C 07-5187 applied
4 to the instant action. Attached to the letter is a copy of a receipt from the Clerk showing
5 that the $5.00 filing fee was paid in C 07-5187 on December 7, 2007.

6 Petitioner's request for waiver of the filing fee in the instant action will be denied.
7 Case C 07-5187 was properly dismissed due to petitioner's failure to comply with the
8 court's filing-fee requirements in a timely manner. Petitioner did not move to reopen the
9 case after he paid the filing fee; thus, C 07-5187 remains closed, and petitioner is now
10 proceeding with his petition in a new and separate action in which he must comply with
11 the court's filing-fee requirements.

12 Accordingly, although the instant action is subject to dismissal due to petitioner's
13 failure to respond to the deficiency notice, the Court will provide petitioner one further
14 opportunity to comply with the court's filing-fee requirements, either by paying the
15 requisite filing fee in this matter or submitting a court-approved IFP application showing
16 he is unable to pay the fee. Petitioner's failure to do so will result in the dismissal of this
17 action without prejudice.

## CONCLUSION

19 In light of the foregoing, the Court orders as follows:

20 Within **twenty** days of the date this order is filed, petitioner shall either pay the
21 filing fee in this matter or submit a completed court-approved prisoner's IFP application.
22 Petitioner's failure to do so will result in the dismissal of this action without prejudice.

23 The Clerk shall send petitioner a court-approved prisoner's IFP application,
24 instructions for completing it, and a return envelope.

25 IT IS SO ORDERED.

26 DATED: August 1, 2008

_____
MAXINE M. CHESNEY
United States District Judge